IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Roxanne B.,[1]   No. 3:20-cv-01775-HZ

        Plaintiff,   OPINION & ORDER

  v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

        Defendant.

Kevin S. Kerr
Kerr Robichaux & Carroll
P.O. Box 14490
Portland, Oregon 97293

    Attorney for Plaintiff

Renata Gowie
Assistant United States Attorney
District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97204

---

[1] In the interest of privacy, this Opinion uses only the first name and the initial of the last name of the non-governmental party in this case.

1 – OPINION & ORDER

Jordan D. Goddard
Social Security Administration
Office of the General Counsel
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104

      Attorneys for Defendant

HERNÁNDEZ, District Judge:

      Plaintiff Roxanne B. brings this action seeking judicial review of the Commissioner's final decision to deny supplemental security income ("SSI"). This Court has jurisdiction pursuant to 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1383(c)(3)). The Court reverses the Commissioner's decision and remands this case for further administrative proceedings.

## PROCEDURAL BACKGROUND

      Plaintiff applied for SSI on October 3, 2017, alleging a disability onset date of May 1, 2015. Tr. 192.[2] Her application was denied initially and on reconsideration. Tr. 98-102, 108-110.

      On November 20, 2019, Plaintiff appeared with counsel for a hearing before an Administrative Law Judge ("ALJ"). Tr. 29-48. On January 14, 2020, the ALJ found Plaintiff not disabled. Tr. 10-28. The Appeals Council denied review. Tr. 1.

## FACTUAL BACKGROUND

      Plaintiff alleges disability based on fibromyalgia, chronic depression, type 2 diabetes, "genetics 4 que deletion partial," and chronic anxiety Tr. 196. She was 34 years old at the time of the alleged onset date and 37 years old when she filed for disability benefits. Tr. 192. She has a high school education and no past relevant work experience. Tr. 22-23.

---

[2] Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative record, filed herein as Docket No. 12.

## SEQUENTIAL DISABILITY EVALUATION

A claimant is disabled if they are unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Disability claims are evaluated according to a five-step procedure. *See Valentine v. Comm'r*, 574 F.3d 685, 689 (9th Cir. 2009) (in social security cases, agency uses five-step procedure to determine disability). The claimant bears the ultimate burden of proving disability. *Id.*

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled. *Id.*

In step three, the Commissioner determines whether the claimant's impairments, singly or in combination, meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity (RFC) to perform their "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can perform past relevant work, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to

the Commissioner. In step five, the Commissioner must establish that the claimant can perform other work. *Yuckert*, 482 U.S. at 141–42; 20 C.F.R. §§ 404.1520(e)–(f), 416.920(e)–(f). If the Commissioner meets their burden and proves that the claimant can perform other work that exists in the national economy, then the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since her application date of September 17, 2017. Tr. 15. Next, at steps two and three, the ALJ determined that Plaintiff has the following severe impairments: "obesity, fibromyalgia, tension headaches, left shoulder labral tear and bursitis, major depressive disorder, specific learning disorder in math, reading, and writing, and attention deficit hyperactivity disorder (ADHD)." Tr. 15. However, the ALJ determined that Plaintiff's impairments did not meet or medically equal the severity of a listed impairment. Tr. 16. At step four, the ALJ concluded that Plaintiff has the residual functional capacity to perform light work as defined in 20 C.F.R. § 416.967(b) with the following limitations:

> She can occasionally climb ramps and stairs, but never ladders, ropes, and scaffolds. She can occasionally crouch, crawl, and kneel. She can occasionally reach overhead with the left upper extremity. She is able to sit up to 4 hours in an 8-hour day in 60-minute intervals. She can perform simple, routine, and repetitive tasks with a reasoning level of 1-2 with no public contact and occasional contact with coworkers. She should avoid all exposure to hazards.

Tr. 18. Plaintiff has no past relevant work, but at step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as "agricultural sorter, production assembler, and hand packager." Tr. 23. Thus, the ALJ concluded that Plaintiff is not disabled. Tr. 24.

**STANDARD OF REVIEW**

A court may set aside the Commissioner's denial of benefits only when the Commissioner's findings "are based on legal error or are not supported by substantial evidence in the record as a whole." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted). The court considers the record as a whole, including both the evidence that supports and detracts from the Commissioner's decision. *Id.*; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). "Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." *Vasquez*, 572 F.3d at 591 (internal quotation marks and brackets omitted); *see also Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) ("Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's") (internal quotation marks omitted).

**DISCUSSION**

Plaintiff asserts that the ALJ erred by failing to consider the medical opinion of her primary care provider, Dr. Kelly Crawford, D.O. Pl. Brief 6, ECF 16. Dr. Crawford completed a questionnaire about Plaintiff's functioning in which she checked a box answering "yes" to following question: "Would you expect [Plaintiff] to miss 16 hours (the equivalent of two full workdays) or more per month from even a simple, routine job because of her impairments, symptoms, medications, and their side effects?" Tr. 779. In the explanation she included on the form, Dr. Crawford noted that "[Plaintiff] has difficulties on a daily basis performing her ADLs/iADLs due to her impairments." Tr. 779. In determining Plaintiff's RFC, the ALJ did not

discuss these statements by Dr. Crawford. Plaintiff argues that because the ALJ failed to articulate reasons for rejecting Dr. Crawford's opinion, the ALJ's decision was not based on substantial evidence.

Because Plaintiff filed her claim after March 27, 2017, new regulations about weighing medical opinion evidence apply. *See* Rules Regarding the Evaluation of Medical Evidence, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c, 416.920c. Under the new regulations, ALJs are no longer required to give deference to any medical opinion, including treating source opinions. *Id.* Instead, the agency considers several factors. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). These are: supportability, consistency, relationship to the claimant, specialization, and "other factors." 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5). The "most important" factors in the evaluation process are supportability and consistency. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

Under this framework, an ALJ is required to explain how supportability and consistency were considered and may explain how the other factors were considered. 20 C.F.R §§ 404.1520c(b)(2), 416.920c(b)(2). When two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same," the ALJ must explain how the other factors were considered. 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

Although the new regulations remove the hierarchy of medical sources, they do not relieve the ALJ of the obligation to consider the opinions from each medical source. In making a non-disability determination, an ALJ "must consider the medical record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (quoting *Lingenfelter*, 503

F.3d at 1035). "The ALJ is responsible for determining credibility, resolving conflicts in medical evidence, and resolving ambiguities." *Ford v. Saul*, 950 F.3d 1141, 1149 (9th Cir. 2020). For each medical source, an ALJ must articulate how they considered the supportability and consistency factors. *See id.* at 1012-13 ("[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it[.]").

Here, the ALJ simply did not address Dr. Crawford's opinion. In her decision, the ALJ articulated how she considered the administrative findings of state agency medical and psychological consultants as well as the opinions of psychologic and physical medicine consultative examiners.[3] Tr. 21-22. But the ALJ erred by making no mention of whether or how she considered Dr. Crawford's opinion.

An ALJ may reject a medical source opinion that is inconsistent with other medical opinions or with objective medical evidence. *See Tommasseti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (holding that an ALJ did not err in rejecting a medical opinion that conflicted with another medical opinion in the record). But an ALJ must still provide specific and legitimate reasons supported by substantial evidence for rejecting that opinion. *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995) (holding that the opinion of an examining or treating doctor "can only be rejected for specific and legitimate reasons supported by substantial evidence in the record"); *Garrison*, 759 F.3d at 1012 ("Where an ALJ does not explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another, he errs."). Because the ALJ failed to address Dr. Crawford's opinion at all, the ALJ's determination of non-disability is not supported by substantial evidence.

---

[3] The ALJ concluded "the opinions of the psychological consultative examiner are not persuasive," and the opinions of the physical medicine consultative examiner and state agency medical and psychological consultants "are partially persuasive." Tr. 21-22.

7 – OPINION & ORDER

The Commissioner argues that even if the ALJ erred in not addressing Dr. Crawford's opinion, the error was harmless. When an ALJ errs, the Court will still uphold the ALJ decision "where the error is harmless, meaning that it is inconsequential to the ultimate nondisability determination[.]" *Laborin v. Berryhill*, 867 F.3d 1151, 1154-55 (9th Cir. 2017). In the context of the Social Security Act, an error is harmless if the ALJ would have reached the same result absent the error. *See Stout v. Comm'r*, 454 F.3d 1050, 1055 (9th Cir. 2006) ("We have also affirmed under the rubric of harmless error where the mistake was nonprejudicial to the claimant or irrelevant to the ALJ's ultimate disability conclusion."). Courts may find an error harmless where "there remains substantial evidence supporting the ALJ's decision and the error does not negate the validity of the ALJ's ultimate conclusion." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).

The ALJ's error was not harmless. Dr. Crawford answered affirmatively that because of Plaintiff's impairments or symptoms, she would expect Plaintiff to miss the equivalent of two full days per month from a simple, routine job. At the ALJ hearing, the vocational expert ("VE") testified that "[absenteeism] exceeding one day a month . . . is not going to be acceptable over time" for the jobs that the VE identified. Tr. 46. Thus, Dr. Crawford's opinion about the frequency with which Plaintiff would miss work due to her impairments or symptoms is relevant to the VE's determination of available jobs in the national economy that Plaintiff could perform. The ALJ's failure to consider Dr. Crawford's opinion in developing the RFC and forming the hypothetical posed to the VE was prejudicial to Plaintiff. The ALJ's error was not harmless because it was not "inconsequential to the ultimate non-disability determination." *Stout*, 454 F.3d at 1055.

## CONCLUSION

Based on the foregoing, the Commissioner's decision is REVERSED and REMANDED for administrative proceedings.

IT IS SO ORDERED.

DATED:__January 22, 2022_____.

_____
MARCO A. HERNÁNDEZ
United States District Judge

9 – OPINION & ORDER