IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROXANNE B.,                                              No. 3:20-cv-01775-HZ

            Plaintiff,                            OPINION & ORDER

     v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

           Defendant.

HERNÁNDEZ, District Judge:

      Plaintiff Roxanne B.'s counsel seeks attorney fees in the amount of $6,905.08 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The Commissioner does not oppose the request or raise the issue of substantial justification. But the Commissioner objects to the amount of the request, arguing that it is unreasonable based on the facts of this case. The Court grants Plaintiff's application for fees and awards $6,905.08.

1 – OPINION & ORDER

## BACKGROUND

Plaintiff brought this action seeking review of the Commissioner's decision to deny disability benefits. Plaintiff argued that the ALJ erred by failing to consider the opinion of her treating medical provider. On January 22, 2022, the Court issued an Opinion & Order in which it reversed the Commissioner's decision. The Court determined that the ALJ erred by not addressing the treating provider's opinion and found that the error was not harmless. The case was remanded for additional proceedings.

## DISCUSSION

"For the court to award attorney's fees and costs pursuant to the EAJA, it must be shown that (1) the plaintiff is the prevailing party; (2) the government has not met its burden of showing that its positions were substantially justified or that special circumstances make an award unjust; and (3) the requested attorney's fees and costs are reasonable." *Perez–Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002) (citing 28 U.S.C. § 2412(d)(1)(A)). There is no dispute that Plaintiff was the prevailing party. And the Commissioner does not oppose an award of fees or assert substantial justification. Rather, the Commissioner argues that the amount of the requested attorney's fees is unreasonable. Specifically, the Commissioner asserts that the hours billed by Plaintiff's attorney are excessive because the single issue in this case was not complex.

The district court possesses "considerable discretion" in determining the reasonableness of a fee award. *Webb v. Ada Cnty.*, 195 F.3d 524, 527 (9th Cir. 1999); *see also Keyser v. Astrue*, No. 01:08–cv–01268–CL, 2012 WL 78461, at *3 (D. Or. Jan. 10, 2012) (district court exercises discretion in awarding fees under EAJA). The starting point for a reasonable fee is the number of hours expended multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983); *Atkins v. Apfel*, 154 F.3d 986, 988 (9th Cir. 1998).

2 – OPINION & ORDER

"The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992) (citation omitted). "The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Id.* at 1397–98 (citation omitted). Where documentation is inadequate, the court may reduce the requested award. *Hensley*, 461 U.S. at 433.

Plaintiff's requested fee amount of $6,905.08 is based on a time records document showing that attorneys for Plaintiff worked 31.8 hours on this case. Plaintiff's records show an hourly average rate of $207.78 for 1.3 hours worked and $217.54 for 30.5 hours worked. The Commissioner argues that Plaintiff's fee request is unreasonable because the number of hours billed are excessive and asks the Court to reduce the number of hours on which the award amount is based. The Commissioner seeks a reduction of at least ten hours for a maximum of 21.8 hours of attorney time.

A "de facto cap" on the number of hours requested under EAJA is improper and "individualized consideration must be given to each case." *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1134 (9th Cir. 2012). Factors for courts to consider in determining whether to reduce the number of hours include "the complexity of the legal issues, the procedural history, [and] the size of the record[.]" *Id.* at 1136. The Ninth Circuit has noted that twenty to forty hours is the typical range requested and granted in social security cases. *Id.* Although district courts have discretion to modify the number of hours, "[c]ourts should generally defer to the 'winning lawyer's professional judgment as to how much time [] was required to spend on the case.'" *Id.* (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)).

3 – OPINION & ORDER

The Commissioner argues that the fee request should be reduced because Plaintiff's counsel only raised a single uncomplicated issue in the eight-page opening brief. While acknowledging that the administrative record was almost one thousand pages, the Commissioner asserts that Plaintiff's counsel spending a reported 22.2 hours to review the record and draft the opening brief was unreasonable. Relying on another recent case in which Plaintiff's counsel requested only six hours to review the record and 3.8 hours to draft an opening brief, Commissioner claims that a reduction of at least 10 hours is appropriate here.[1]

The Court finds that Plaintiff's requested amount of $6,905.08 based on 31.8 hours is reasonable. Although the Commissioner notes that Plaintiff's counsel spent fewer hours reviewing the record and drafting the opening brief in a previous case, the Court must consider each case individually. While the Court has discretion to reduce the number of hours worked, Plaintiff's counsel is in a better position to determine the number of hours needed to work on a particular case. Where, as here, fees are based on a contingency agreement, "lawyers are not likely to spend unnecessary time . . . in the hope of inflating their fees because the payoff is too uncertain." *Id.* (internal quotation marks and citation omitted). Plaintiff's request of 31.8 hours is not clearly excessive and, in fact, falls with the reasonable range of hours that attorneys spend on uncomplicated social security cases. *See Harden v. Comm'r Soc. Sec. Admin.*, 497 F. Supp. 2d 1214, 1215 (D. Or. 2007) ("[T]he consensus among district courts [is] that 20-40 hours is a reasonable amount of time to spend on a social security case that does not present particular

---

[1] The Commissioner also argues that Plaintiff's counsel inappropriately block-billed. When several tasks are bundled in a block of time, a court may have difficulty determining the reasonableness of the number of hours expended and "may reduce the requested fee based on this lack of specificity." *Neil v. Comm'r Soc. Sec.*, No. 3:10-cv-429-MA, 2011 WL 4406311, at *4 (D. Or. Sept. 21, 2011), *aff'd* 495 F. App'x 845 (9th Cir. 2012). But the Court finds that counsel's reported timesheet provides sufficient specificity for it to determine the reasonableness of the requested number of hours.

4 – OPINION & ORDER

difficulty."). The Court finds no reason to reduce the number of hours requested and grants the full amount of Plaintiff's fee request.

## CONCLUSION

The Court GRANTS Plaintiff's Application for Fees Pursuant to EAJA [22] and awards $6,905.08.

IT IS SO ORDERED.

DATED:_____June 9, 2022_____.

_____
MARCO A. HERNÁNDEZ
United States District Judge